No. 3--09--0009

Filed August 24, 2010-Modified Filed September 28, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| THE DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES *ex rel.* JENNIFER JORGENSON, | ) ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Petitioner-Appellee, | ) ) | No. 08--F--773 |
| v. | ) ) | |
| GEORGE JORGENSON, | ) ) | Honorable Lawrence C. Gray, |
| Respondent-Appellant. | ) | Judge, Presiding. |

MODIFIED UPON DENIAL OF REHEARING
JUSTICE WRIGHT delivered the opinion of the court:

Petitioner, Department of Healthcare and Family Services ex rel. Jennifer Jorgenson, filed a complaint for child support against respondent, George Jorgenson, requesting the circuit court to order respondent to pay current child support for his daughter, who was born on September 22, 1990. The circuit court allowed the petition for current support and later ordered respondent to pay retroactive support in the amount of $61,125. On appeal, respondent argues that: (1) the circuit court violated his due process rights when it did not allow him to present evidence at the hearing on the retroactive support issue; and (2) the circuit court erred when it failed to consider the mandatory statutory factors applicable to a retroactive support determination. We vacate the

portion of the order that awarded retroactive support and remand for further proceedings.

BACKGROUND

On July 30, 2008, petitioner filed a complaint for child support against respondent. The petition alleged respondent was the biological father of Jennifer's minor daughter, who was born on September 22, 1990. The petition also alleged that respondent had failed to meet his obligation to support his daughter. Petitioner requested "current child support commencing with the date of service of summons, or earlier as law and equity will allow." The petition did not mention retroactive child support. Throughout the proceedings, petitioner was represented by an assistant Attorney General, and respondent appeared *pro se.*

On September 15, 2008, the court entered an order that set current child support temporarily at $75 per week, based on respondent's income as a waiter in the amount of $375 per week. The court continued the cause to October 14, 2008, for a hearing on retroactive child support.

At the hearing on October 14, 2008, respondent verified his income, and the court ordered the $75-per-week child support award to be permanent. The court also continued the cause for a December 2, 2008, hearing on retroactive child support.

On November 20, 2008, respondent filed a motion to reduce child support, alleging that his income had decreased significantly.

At the hearing on December 2, 2008, counsel for petitioner advised the court that Jennifer would testify, and she was placed under oath. Jennifer testified that she lived with respondent and their daughter for approximately three months after the child was born. According to Jennifer's testimony, the couple ceased living together with the child because respondent was incarcerated

for approximately the next eight months. Jennifer stated she did not receive any child support from respondent after his incarceration until the temporary support order began in 2008.

Jennifer testified she sought the assistance of a state agency for purposes of collecting support during the 15 years between 1992 and 2007, but the agency was unable to locate respondent during that time period. Following direct examination by counsel for petitioner, the court asked respondent if he wanted to ask Jennifer any questions. Respondent answered in the negative.

Immediately after respondent declined the opportunity to cross-examine Jennifer, counsel for petitioner requested that the court order retroactive support back to the end of 1991. Respondent stated:

> "I am contesting the retroactive support because from that date that you just mentioned until this date, I have contacted [Jennifer] by phone and I was upset when we talked and she said that she felt it would be better for me not to contact my daughter at all to avoid confusion, so I agreed."

Counsel for petitioner repeated the request for retroactive support. The court asked respondent if he had "[a]nything further [he] want[ed] to say regarding that." Respondent answered in the negative.

At this point, the court hinted that it was awarding retroactive child support back to January 1992. The court then questioned respondent regarding his decreased income. It was determined that respondent's income had dropped to approximately $200 per week, and his current child support payment would be reduced to $40 per week, with an additional $10 per week on the retroactive child support award. In response, respondent stated:

3

"I am contesting it be retroactive because I feel I have been working at the same place for the same company for the last 14 years or more and to wait this long until [the child] turns 18 and then file, I feel is unfair."

The court responded, "I already ruled on that I allowed this back to January of '92 over your objection." The court's written order fixed the total amount of retroactive child support owed by respondent at $61,125, apparently calculated by the court at the rate of $75 per week. Respondent appealed.

## ANALYSIS

Respondent's first argument on appeal is that the circuit court violated his due process rights when the court did not allow him to present evidence at the hearing on the retroactive support issue. Petitioner claims that respondent was not entitled to any more guidance from the court than he received, as the courts are prohibited from advocating on behalf of the parties.

An individual's procedural due process rights are violated when the procedures employed mistakenly or unjustifiably deprive the individual of life, liberty, or property. *In re Marriage of Beyer*, 324 Ill. App. 3d 305 (2001). Minimally, due process requires notice and a meaningful opportunity to be heard. *Beyer*, 324 Ill. App. 3d 305.

The proceeding in this case was very informal and improperly abbreviated. The court erroneously did not afford respondent an opportunity to present any evidence or his own sworn testimony regarding his past income, current income, and any prior contributions to the child's support. See *People v. Faint*, 396 Ill. App. 3d 614, 619 (2009) (absent a stipulation regarding the evidence, "[a] trial or hearing involves the formal introduction of evidence and the sworn testimony of parties"). After petitioner's evidence, the court allowed counsel for petitioner to

4

summarily request retroactive support. Immediately thereafter, the court hinted that it was awarding retroactive child support back to January 1992, which it later confirmed to be its ruling. This cursory proceeding was insufficient to protect respondent's due process rights.

Our resolution of the first issue obviates the need to address respondent's second argument regarding whether the court failed to consider the mandatory statutory factors applicable to a retroactive support determination.

We vacate the portion of the order entered by the circuit court of Will County that awarded retroactive support and remand the cause for further proceedings.

Order vacated; cause remanded.

CARTER and O'BRIEN, JJ., concur.